WALLACE, Circuit Judge,
concurring in part and dissenting in part:
I join with the majority with respect to its holding that the district court correctly dismissed the Aniels’ claims for wrongful foreclosure and under the FDCPA. However, I dissent from the majority’s decision that the district court abused its discretion by dismissing with prejudice. It is “absolutely clear” that the Aniels cannot amend their complaint to state a claim of wrongful foreclosure.
In order to state a claim for wrongful foreclosure, the Aniels must not only allege that they were excused from tendering the amount due, but also that they were “prejudiced or harmed” by the foreclosure. Lona, 134 Cal.Rptr.3d at 633. The Aniels admit they defaulted on their loan in August 2008, and were subject to foreclosure. They therefore have not suffered any harm or prejudice, even if the foreclosure sale included procedural irregularities. Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 129 Cal.Rptr.3d 467, 480 (2011) (“Prejudice is not presumed from mere irregularities in the [foreclosure] process.... As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer ... interfered in any manner with her payment of the note, nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender”) (citations omitted). *419 Because there is no way for the Aniels to plead that they were prejudiced or harmed by the foreclosure, it is “absolutely clear” that they cannot cure the pleading deficiencies of the complaint by amendment. Akhtar, 698 F.3d at 1212.
The majority declines to address the prejudice issue because the “district court did not consider” it. It is proper to address prejudice, and thus affirm the district court in whole, because we “may affirm the dismissal on any ground supported by the record.” Ecological Rights Found, v. Pac. Gas & Elec. Co., 713 F.3d 502, 507 (9th Cir.2013). This rule applies equally to plaintiffs who file complaints pro se. Serrano v. Francis, 345 F.3d 1071, 1076-77 (9th Cir.2003) (“Although it may seem premature to address [an issue] before the district court has even ruled on it, we do so here because this court may affirm on any ground supported by the record,” even though the plaintiff filed his complaint pro se).